[Civ. No. 4648.  Second Appellate District, Division Two.—January 22, 1925.]

# N. J. GARDINER, Appellant, v. WILLIAM F. FREDERICKSON, Respondent.

[1] MANDAMUS — RETURN OF SEIZED PROPERTY — PROCEEDING AGAINST JUDGE—INSUFFICIENT PLEADING.—An application for a writ of mandate to compel a police judge to order the return to petitioner (the defendant in a criminal proceeding pending before said judge) of certain personal property alleged to have been taken by certain police officers who entered petitioner's place of residence without a search-warrant, is insufficient where no facts are alleged showing that respondent judge has any control over the seized property and petitioner does not seek to compel him to deliver it up.

[2] ID.—PARTIES—REMEDIES.—If the property in question is held by the police officers, the possession by them cannot be divested in a proceeding to which they are not parties; and petitioner's remedy, if any he has, can be sought only by means of a direct action or proceeding, by claim and delivery or otherwise, against said officers.

[3] ID.—PLEADING—HOLDING OF PROPERTY—CONCLUSIONS.—In a proceeding in *mandamus* to compel a police judge to order the return to petitioner (the defendant in a criminal proceeding pending before said judge) of certain personal property alleged to have been taken by certain police officers who entered petitioner's place of residence without a search-warrant, the allegation in the petition that the property is "held" by the prosecutor and the chief of police is a mere conclusion of the pleader, where there is no allegation that in making the seizure the police officers were acting under the direction or orders of either the prosecutor or the chief, or that after making the seizure the property was delivered to them or to either of them.

(1) 38 C. J., p. 648, n. 22, New, p. 871, n. 51.  (2) 35 Cyc., p. 1268, n. 32 New.  (3) 38 C. J., p. 863, n. 64.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Harry R. Archbald, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Fisk & Randall for Appellant.

2. See 23 Cal. Jur. 186.

J. M. Friedlander, City Prosecutor, and A. T. Folsom, Deputy City Prosecutor, for Respondent.

WORKS, J.—This is an application for a writ of mandate, made to the superior court. A demurrer to the petition was sustained and judgment went accordingly. Petitioner appeals.

[1] The petition alleges that on a certain day there was filed in the police court of the city of Los Angeles, of which respondent is one of the judges, a criminal complaint against petitioner, and that on the same day petitioner pleaded not guilty thereto; that at all times mentioned in the petition, and now, a certain person was chief of police of the city of Los Angeles, two certain persons were police officers thereof, and a certain person was city prosecutor thereof; that two days before the filing of the criminal complaint the two police officers entered petitioner's place of residence without a search-warrant and took therefrom certain specified articles of personal property; that "the said property is now being unlawfully and improperly held by the said city prosecutor, chief of police and police officers in violation of the rights of this petitioner under the Constitution of the state of California. That the said city prosecutor, chief of police and police officers purpose, and each of them purposes, to use the said property, or some or all thereof upon the trial" of the criminal cause, "and that by reason thereof, and of the facts above set forth, the petitioner's rights as aforesaid, under the Constitution of the state of California, have been and will be violated, unless the court order the return of said property as prayed"; and "that if the said chief of police, police officers and city prosecutor are permitted to retain possession of the above described property until the time of the trial of the aforesaid cause, the said officers or some or all of them, may, and your petitioner verily believes that they will, offer the said property so unlawfully seized as aforesaid, or some part thereof, as evidence upon the trial of the said cause, and the said judge may, and petitioner verily believes that he will, admit the same in evidence, and thereby the constitutional rights of your petitioner are now and will be hereafter violated, and your petitioner will be without remedy." There are other allegations of the petition, but the foregoing are all that are

material to the present inquiry. The pleading closes with a prayer that a writ of mandate issue "commanding" respondent police judge, the sole respondent in the proceeding, "to make and enter an order directed to" the chief of police, the city prosecutor and the two police officers, "commanding them, and each of them, to release, surrender and deliver to the defendant all of the aforesaid personal property so unlawfully seized and held by them, or any of them . . . "

It is manifest that the petition is insufficient. No facts are alleged showing that respondent has any control over the seized property, nor, in fact, is it sought to compel him to deliver it up. Appellant would have him order the officers named in the petition to make delivery of it. [2] If, as the petition alleges, the property is held by the officers, the possession by them cannot be divested in a proceeding to which they are not parties. Appellant's remedy, if any he has under the allegations of the petition, could be sought only by means of a direct action or proceeding, by claim and delivery or otherwise, against the officers.

[3] It is to be observed, in passing, that the allegation that the property is "held" by the prosecutor and the chief of police is a mere conclusion of law. There is no allegation that in making the seizure the police officers were acting under the direction or orders of either the prosecutor or the chief, or that after making it the property was delivered to them or to either of them. In making the seizure, for aught that is alleged in the petition, the officers may have been acting in a private capacity and under a claim of ownership of the articles seized.

Appellant would justify his pleading under *People* v. *Mayen,* 188 Cal. 237 [24 A. L. R. 1383, 205 Pac. 435], and *Weeks* v. *United States,* 232 U. S. 383 [Ann. Cas. 1915C, 1177, L. R. A. 1915B, 834, 58 L. Ed. 652, 34 Sup. Ct. Rep. 341, see, also, Rose's U. S. Notes], but there is nothing in either case which breathes the breath of life into it.

Judgment affirmed.

Finlayson, P. J., and Craig, J., concurred.